**K.R., by and through his parent and guardian, Jane DOE, Plaintiff**

v.

**CLARITY CHILD GUIDANCE CENTER, Defendant.**

**Civil No. SA–13–CA–1113–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Signed March 14, 2014.

Lucia Romano Ostrom, Disability Rights Texas, Houston, TX, Robin C. Thorner, Disability Rights Texas, San Antonio, TX, for Plaintiff.

Carla G. Connolly, Carls McDonald & Dalrymple, L.L.P., Austin, TX, for Defendant.

### ORDER

ORLANDO L. GARCIA, District Judge.

Pending before the Court is Defendant's motion to disqualify Attorney Robin Thorner (Dkt. # 11) and Plaintiff's opposition thereto (Dkt. # 12). The Court has reviewed the motion, response, and the applicable law, and finds that Defendant's motion must be DENIED.

Defendant seeks to disqualify Robin Thorner, one of Plaintiff's attorneys, from serving as co-counsel in this matter. Ms. Thorner (a supervising attorney with Disability Rights Texas) represented Plaintiff in the pre-litigation phase of this dispute and then continued her representation when suit was filed. Prior to suit being filed, Ms. Thorner exchanged written correspondence with Fred Hines, Chief Executive Director for Clarity, requesting certain records and policies and discussing accommodations for K.R., the minor child. Ms. Thorner also attended a meeting with Clarity representatives to express her client's concerns about K.R.'s care, treatment, and requested accommodations. Apparently the dispute was not resolved to Plaintiff's satisfaction and this lawsuit followed.

Defendant claims that Ms. Thorner's role as attorney in the pre-litigation phase of this matter makes her a fact witness and that she should be disqualified from representing Plaintiff in this lawsuit. Plaintiff claims that Ms. Thorner has no personal knowledge that would make her a fact witness in these proceedings and that she was acting as Plaintiff's retained counsel at all times during the pre-litigation phase of this dispute.

The Fifth Circuit has stated that "[m]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir.1992); *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir.1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993) (quoting *Dresser*, 972 F.2d at 543). "Federal courts may adopt state or ABA rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law." *In re American Airlines*, 972 F.2d at 610. In this case, the Court considers

the ABA Model Rules of Professional Conduct, which are "the ethical rules announced by the national profession in the light of the public interest and the litigants' rights." *In re Dresser,* 972 F.2d at 543. The Court also considers the Texas Disciplinary Rules of Professional Conduct, which have been adopted by the Western District of Texas. *See* Local Rule AT–7(a); *see also In re American Airlines,* 972 F.2d at 610 (applying ABA model rules and corresponding Texas rules, which "do not differ materially"). ABA Model Rule 3.7 states that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."[1] Corresponding Texas Rule 3.08 states that "A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client."[2] Importantly, comment 9 to the Texas rules notes that Rule 3.08 sets out a disciplinary standard and is not well-suited as a standard for procedural disqualification.[3]

The evidence shows that Ms. Thorner's limited, second-hand knowledge of the facts is based on (1) communications with her client; (2) communications with Defendant; (3) review of the records and policies; and (4) her minimal observation of the Clarity facility at the time she attended a meeting on her client's behalf. The knowledge that Ms. Thorner gained from communications with her client are privileged and do not make her a witness subject to deposition. Likewise, any mental impressions, opinions, or conclusions that Ms. Thorner may have formed when reviewing the records and meeting with Defendant's representatives would not be discoverable. Defendant's own representatives can testify about any communications they had with Ms. Thorner, and Plaintiff can also testify about any concerns that Ms. Thorner may have expressed to Defendant on her behalf. As Plaintiff has noted, the meeting Ms. Thorner attended at the Clarity facility "was also attended by Plaintiff and several members of Defendant's own staff" and Ms. Thorner's testimony would not be necessary "given the availability of multiple other sources." (Dkt. # 12, p. 4). Plaintiff further states that the letters Ms. Thorner wrote on her behalf "were based on information and evidence provided by others, namely Plaintiff and Defendant's agents and employees," all of whom can testify in deposition and at trial based on their personal knowledge. (Dkt. # 12, p. 4).

Based on the evidence presented herein, the Court must find that Ms. Thorner, whose only pre-litigation involvement was advocating on behalf of her client, is not a necessary witness in this lawsuit. If called as a witness, most information would be privileged and the remaining information would be cumulative of the testimony of other witnesses who have personal, first-hand knowledge of the essential facts. As such, her testimony is not necessary at all, much less necessary to establish an essential fact on behalf of her client. *See Horaist v. Doctor's Hosp. of Opelousas,* 255 F.3d 261, 267 (5th Cir.2001) (attorney's

---

1. http://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_7_lawyer_as_witness.html

2. http://www.legalethicstexas.com/Ethics-Resources/Rules/Texas–Disciplinary–Rules-of–Professional–Conduct/III—ADVOCATE/3-08–Lawyer–as–Witness.aspx

3. *Id.*

potential testimony was cumulative of the testimony of other witnesses; thus, he was not a necessary witness); *see also Randall v. BAC Home Loans Servicing, LP,* 2012 WL 1899553 (E.D.Tex. May 24, 2012) (attorney who attempted to resolve underlying dispute by, among other things, writing a series of letters prior to filing suit was not disqualified; defendants failed to identify a "single disputed fact where [the attorney was] the sole witness to one side of the dispute"); *see also Calhoun v. City of Austin,* 2007 WL 496721, *3 (W.D.Tex. Feb. 6, 2007) (attorney's potential testimony, even if admissible, would be cumulative of the testimony of numerous other witnesses and was therefore unnecessary; thus, he was not disqualified).

Not only has Defendant has failed to carry its burden to show why disqualification is warranted, but it also advocates a position that would have a chilling effect on pre-litigation negotiations. Countless lawsuits are filed in this Court after the parties have attempted to resolve their disputes with the assistance of counsel. The public interest in resolving disputes prior to litigation and allowing litigants to maintain their relationships with counsel that they retained prior to filing suit weighs heavily in this case. *See In re Dresser,* 972 F.2d at 544 (the courts must consider the rules in light of the litigant's rights and the public interest).